Amy J. Eldridge (VSB # 77873)
**K&L Gates LLP**
1601 K Street NW
Washington, DC 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
Email: amy.eldridge@klgates.com

and

David S. Catuogno (admitted *pro hac vice*)
**K&L Gates LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Email: david.catuogno@klgates.com

*Counsel for Donlen Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>TOYS "R" US, INC. *et al.*,[1]<br><br>            Debtors. | **Chapter 11**<br><br>**Case No. 17-34665 (KLP)**<br><br>(Jointly Administered) |
| WAYNE SERVICES LEGACY INC.,<br><br>            Plaintiff,<br>v.<br>DONLEN TRUST,<br>            Defendant. | **Adv. Pro. 19-03074 (KLP)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (Docket No. 78).

## DONLEN TRUST'S RESPONSE IN OPPOSITION TO WAYNE SERVICES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM

Defendant Donlen Trust ("Donlen Trust" or the "Defendant") by and through its counsel K&L Gates LLP, hereby responds to Plaintiff Wayne Services Legacy, Inc.'s ("Plaintiff" or "Wayne Services") Motion to Compel Production of Documents ("Motion") (dkt. no. 46) made pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure ("FRBP") 7037.  In what is quickly becoming a pattern, Plaintiff has brought yet another discovery dispute before the Court that could have been resolved between the parties.  Plaintiff has ignored multiple and clear statements from Plaintiff in filing this Motion and, Defendant respectfully submits, presents discussions to the Court in a manner that lacks candor.  Because Plaintiff failed to meet and confer in good faith, Plaintiff's Motion should be dismissed or denied.

In support thereof, Defendant states as follows:

### BACKGROUND

1.      On December 10, 2019, Donlen Trust completed production of the documents originally identified as responsive to Plaintiff's requests for production.  This included information related to the documents sought in Request Nos. 10 and 11, which sought "all" evidence or documents of payment and invoices.  Dkt. no. 46 at 3.  In their objections, Defendants indicated they would produce "documents sufficient to show" the information Plaintiff sought.  Id. At 3-4.

2

2. Subsequently, Plaintiff sought additional evidence regarding some of the topics identified in those discovery requests, which Defendant provided on December 27, 2019, January 3, 2020.

3. Plaintiff sought still more information. To provide that information to Plaintiff, Defendant had to begin a process of *creating* documents for Plaintiff.

4. While Defendant believes this goes beyond the scope of its discovery obligations, Defendant has worked extensively to engage productively in the discovery process and resolve any issues between the parties.

5. Nonetheless, Plaintiff filed the subject Motion to Compel on January 3, 2020, even while it knew Defendant was going to additional lengths to provide information to Plaintiff when it asked. In addition, Plaintiff's motion seeks documents exceeding the scope of those Donlen agreed to produce. See, Proposed Order, dkt. no. 46 at 12, #2.

6. Further, Plaintiff neglected to inform the Court of the on-going process, or that Defendant had agreed to seek additional material for Plaintiff, and instead characterized this as a "refusal" to produce missing documents. Dkt. no. 46 at 6 ¶ 16.

7. Plaintiff also falsely represented to the Court that Defendant "declined" to provide materials, and characterized them as "missing." Dkt. no. 46 at 6 ¶ 16.

8. In support of its motion, Plaintiff submitted e-mail chains with earlier dated communications, but excluded entirely the communications between the parties from January 2-3 on this precise topic. A true and complete copy of that e-mail is Exhibit A to the declaration filed in support of this opposition. As reflected therein, Defendant highlighted for Plaintiff that

Defendant was "currently working" to gather additional material and had provided the exact commitment Plaintiff sought.  Exhibit A at 2.

9. Nonetheless, Plaintiff forged ahead with its unnecessary discovery motion practice, again certifying that it had complied with local rule 7026-1(H) and conferred in good faith to resolve the discovery matter prior to filing the instant motion.  See, dkt. no. 46 at 8 ¶ 21.  Defendant respectfully suggests to the Court that the e-mail communications Plaintiff chose to exclude demonstrates otherwise.

10. Notwithstanding Plaintiff's actions, Defendant maintained its commitment and provided yet more information to Plaintiff, in documents created for it, on January 8 and January 15.  Production cover letters for those documents are Exs. B and C to the supporting declaration.

11. Plaintiff continues to seek additional information.  While Defendant believes this information is duplicative and cumulative, and therefore unduly burdensome, as well as beyond the "documents sufficient to show" that Defendant agreed to produce, it is working to see if it can again *create* a document for Plaintiff.

## ARGUMENT AND BASIS FOR REQUESTED RELIEF

## PLAINTIFF'S MOTION SHOULD BE DISMISSED OR DENIED

12. Dismissal is warranted because of Plaintiff's failure to meet and confer in good faith.  Local Rule 7026-1(H) requires counsel to confer "to decrease, in every way possible, the filing of unnecessary discovery motions."  In particular, Local Rule 7026-1(H) prohibits filing a motion concerning discovery matters until counsel has conferred with opposing counsel to explore "the possibility of resolving the discovery matters in controversy."

13.     Plaintiff manufactured the discovery dispute at issue by cutting short the meet and confer process.  This does not evidence good faith.  The Motion relies on, at best, partial email correspondence between the Parties to allege that Defendant refused to produce responsive documents to Plaintiff's Request Nos. 10 and 11.  However, the Parties' complete correspondence demonstrates that Plaintiff failed to meet and confer in good faith, failed to reflect the extent to which Defendant had gone to satisfy Plaintiff's requests, and even failed to accurately reflect to the Court what Defendants had produced or agreed to produce in response to Plaintiff Request Nos. 10 and 11.

14.     Courts recognize that where a party short-circuits the meet-and-confer process it "deprive[s] the parties of a meaningful opportunity to resolve their dispute without court intervention."  Blackrock Engineers, Inc. v. Duke Energy Progress, LLC, 7:15-CV-250-D, 2018 WL 4409377, at *5 (E.D. NC Sept. 17, 2018).  The court found that alone was a basis for dismissal.

15.     Similarly, where a party sought to engage with opposing counsel regarding the discovery schedule and deadlines for producing written discovery, and plaintiff's counsel instead filed a motion for sanctions, the court found plaintiff's counsel failed to engage in a good faith effort to resolve the issue and declined plaintiff's request to assess the costs of brining the motion.  Kemp v. Harris, 263 F.R.D. 293, 295 (D. Md. Sep. 22, 2009).  As the court there noted, "this entire dispute could, and should, have been avoided had counsel cooperated in the conduct of discovery, as they are obligated to do."  Id.

16.     Here, Defendant has communicated to Plaintiff that it has been going above and beyond to meet additional requests by Plaintiff, and that to do so, it is having to create

documentation. Plaintiff failed to make a good faith effort to resolve the discovery dispute and instead filed the Motion without considering, or otherwise explaining why Defendant's commitment (Exhibit A at 2-4) was insufficient. Instead, Plaintiff filed the Motion, wasting the Court's and the parties' time and resources.

17. As in Blackrock, Plaintiff's rush to engage in motion practice should result in dismissal of its Motion. And the Court should deny any request for compensation or other relief based on Plaintiff's repeated short-circuiting of the good faith meet-and-confer requirements.

18. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

## CONCLUSION

For all of the foregoing reasons, Defendant Donlen Trust submits that the Court should DENY or DISMISS Plaintiff's Motion in its entirety, and in no instance should the Court order Donlen to produce records exceeding the scope of those to which it agreed, as Plaintiff's proposed order seeks.

Respectfully Submitted,

Dated: January 21, 2020

By: /s/ Amy J. Eldridge
Amy J. Eldridge, Esq. (VSB No. 77873)
**K&L Gates LLP**
1601 K Street NW
Washington, DC 20006
Telephone: 202-778-9400
Fax: 202-778-9100
Email: amy.eldridge@klgates.com

and

David S. Catuogno (*pro hac vice*)
**K&L Gates LLP**
One Newark Center, 10th Floor

Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Email: david.catuogno@klgates.com

*Counsel for the Donlen Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to all counsel of record, who are the individuals listed below:

J.R. Smith
Jennifer E. Wuebker
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Email: jrsmith@hunton.com
jwuebker@hunton.com

Dated: January 21, 2020

By: ___/s/   Amy J. Eldridge___
Amy J. Eldridge, Esq. (VSB No. 77873)
**K&L Gates LLP**
1601 K Street NW
Washington, DC 20006
Telephone: 202-778-9400
Fax: 202-778-9100
Email: amy.eldridge@klgates.com

*Counsel for the Donlen Trust*