## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:                                    Chapter 11

Toys "R" Us, Inc., *et al.,*              Case. No. 17-34665-KLP
                                          (Jointly Administered)
        Debtors.

Wayne Services Legacy Inc.,

        Plaintiff,

v.                                        Adv. Proceeding No. 19-03074-KLP

Donlen Trust,

        Defendant.

## MEMORANDUM OPINION

This matter comes on the motion (the "Motion") of the Defendant, Donlen Trust, to dismiss the complaint filed by Wayne Services Legacy Inc. ("Wayne Services") for lack of jurisdiction and for failure to state a claim. In the Motion, Donlen Trust alternatively seeks judgment on the pleadings. For the reasons stated below, the Motion is denied.

### Preliminary Statement

Wayne Services, the successor entity to the Toys-Delaware Debtors[1] ("Toys-Delaware") under a confirmed plan of reorganization, initiated this adversary proceeding by filing a complaint (the "Complaint") seeking to recover funds allegedly owed pursuant to an agreement under which Donlen Trust agreed to pay

---

[1] The Toys-Delaware Debtors include Toys "R" Us-Delaware, Inc., TRU Guam, LLC, Toys Acquisition, LLC, Giraffe Holdings, LLC, TRU of Puerto Rico, Inc., and TRU-SVC, Inc.

Toys-Delaware a portion of the proceeds it derived from selling vehicles previously leased by Toys-Delaware (the "Proceeds"). The Complaint sets forth four counts:

> (i) turnover of the Proceeds pursuant to § 542 of the Bankruptcy Code;[2]
> (ii) breach of contract for Donlen Trust's failure to pay or credit the Proceeds to Wayne Services;
> (iii) unjust enrichment; and
> (iv) conversion.

Donlen Trust filed a timely answer to the Complaint (the "Answer"). In addition to putting forth general denials and certain affirmative defenses, the Answer states that Donlen Trust does not waive its rights to (1) contest jurisdiction, (2) have only the District Court enter final orders regarding non-core matters, or (3) seek withdrawal of the reference. The Court's pretrial order, entered on October 17, 2019, required the filing of any motion to dismiss no later than November 7, 2019.

On November 7, Donlen Trust filed the Motion, asserting that there is no basis for bankruptcy court jurisdiction because the Court lacks personal jurisdiction over Donlen Trust. Donlen Trust also contends that even if it is subject to this Court's jurisdiction, Count One of the Complaint should be dismissed for failure to state a claim upon which relief can be granted and Counts Two, Three and Four of the Complaint should be dismissed for lack of subject matter jurisdiction.

Wayne Services opposes the Motion,[3] arguing that the Court has personal jurisdiction over Donlen Trust as a result of Donlen Trust's having filed a proof of

---

[2] 11 U.S.C. § 542. Unless noted to the contrary, all subsequent references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.

[3] Wayne Services asserts that Donlen Trust has waived its right to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7012(b), Fed. R. Bankr. P. 7012(b), because Donlen Trust did not file the

claim in the bankruptcy case and that subject matter jurisdiction exists pursuant to

28 U.S.C. § 1334(b).[4] More specifically, Wayne Services contends that Count One

"arises under" Title 11 and Counts Two, Three and Four assert counterclaims to

Donlen Trust's proof of claim, thereby constituting "core" proceedings that "arise in"

a bankruptcy case.

## The Complaint

Wayne Services filed the Complaint as the wind-down entity for Toys-

Delaware under the confirmed Fourth Amended Chapter 11 Plans of Toys-Delaware

and the Geoffrey Debtors[5] (the "Plan") that became effective on January 20, 2019.

Under the Plan, Wayne Services is charged with collecting and administering assets

---

Motion until two months after it filed the Answer. Although Rule 12(b)(6) contemplates
that motions to dismiss should be filed before the filing of an answer, Rule 12(h) of the
Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7012(b), which
addresses the waiver or reservation of defenses, provides that the failure to state a claim
upon which relief can be granted may be raised in any pleading allowed under Civil
Procedure Rule 7(a), Fed. R. Civ. P. 7(a). Rule 7(a) includes answers as permissible
pleadings, and the Answer expressly asserted this defense. *See Telesca v. Long Island
Hsng. P'Ship, Inc.,* 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006) ("Prior to filing its motion
under Rule 12(b)(6), the Town of Islip filed an answer to the complaint. Although courts will
generally rule on an untimely motion to dismiss that is filed after the answer, the
defendant's previously-filed answer must expressly preserve the defense."). The Court's
pretrial order entered on October 17, 2019, provides that any motion to dismiss the
Complaint to the extent not waived by the Defendant shall be filed no later than November
7, 2019. Dkt. 13, ¶ 5. There was no waiver by Donlen Trust, and the Motion was timely filed
on November 7, 2019. Accordingly, the Court will rule on the Motion. Alternatively, a post-
answer Rule 12(b)(6) motion may be considered as a motion for judgment on the pleadings
under Rule 12(c). *See Hardy v. Lewis Gale Med. Ctr., LLC,* 377 F. Supp. 3d 596, 605-06
(W.D. Va. 2019).
[4] 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive
jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases
under title 11."
[5] The Geoffrey Debtors included Geoffrey Holdings, LLC, Geoffrey LLC, and Geoffrey
International, LLC.

of Toys-Delaware.[6] The Order Confirming the Plan (the "Confirmation Order")

provides that the Court retains jurisdiction over all matters arising out of and

related to the chapter 11 cases of Toys-Delaware.

Wayne Services commenced this action for the purpose of recovering any

sums owed pursuant to the terms of a Master Motor Vehicle Lease Agreement (the

"Lease") dated August 4, 2009, pursuant to which Toys-Delaware, and Wayne

Services as its successor, leased motor vehicles from Donlen Trust. The Complaint

alleges that (1) pursuant to the Lease, leased vehicles were surrendered to Donlen

Trust upon the expiration of the applicable lease term, whereupon the vehicles were

sold by Donlen Trust and a portion of the Proceeds were credited to Toys-

Delaware/Wayne Services, (2) after the final leased vehicle was surrendered to

Donlen Trust in February 2019, Wayne Services requested an accounting of sums

due under the Lease and the turnover of the Proceeds then due, and (3) Donlen

Trust refused to provide the accounting and the Proceeds. Wayne Services believes

that the amount is not less than $200,000.

The Factual Allegations. The specific facts alleged giving rise to the claims

asserted in the Complaint are as follows. Pursuant to the Lease, Donlen Trust

leased vehicles and certain equipment to Toys-Delaware for scheduled periods of

time. At the end of each term, the subject vehicle would either be returned to

---

[6] Pursuant to the Fifth Amended Plan Supplement for the Toys Delaware Debtors' and
Geoffrey Debtors' Plan, Case No. 17-34665-KLP, Dkt. 6451, the Toys-Delaware Debtors
designated Wayne Services as the wind-down entity to, among other things, collect and
administer the Toys-Delaware assets and resolve outstanding claims.

Donlen Trust or, if Donlen Trust consented, retained by Toys-Delaware. Vehicles that were surrendered were required to be sold within 60 days, after which Donlen Trust was obligated to provide an accounting of the sale to Toys-Delaware. If the sale proceeds exceeded a certain value, Donlen Trust was required to pay or credit a portion of those proceeds to Toys-Delaware.

Pursuant to the Lease, Donlen Trust invoiced Toys-Delaware on the first of each month and Toys-Delaware paid the invoices on the tenth of each month. Payments included the monthly rental fees and additional monthly fees for maintenance, repairs, gas and other costs. As of the filing date of the bankruptcy cases, Toys-Delaware was current under the Lease.

On March 22, 2018, the Court entered an order authorizing Toys-Delaware to wind down U.S. operations.[7] In June of 2018, Toys-Delaware surrendered the majority of the leased vehicles to Donlen Trust. On March 23, 2018, Donlen Trust filed proof of claim number 3038 (the "Donlen Claim") in the amount of $14,330.26, the amount it claims is due under the Lease.

After the bankruptcy filings, the parties continued to perform in the ordinary course pursuant to the Lease. By the fall of 2018, Donlen Trust was no longer crediting Toys-Delaware's invoices, although Toys-Delaware was continuing to surrender the leased vehicles and Donlen Trust was continuing to sell them. Upon inquiry, Donlen Trust advised Toys-Delaware that it would provide a global reconciliation after the final vehicle was surrendered.

---

[7] Case No. 17-34665-KLP, Dkt. 2344.

In February 2019, Wayne Services, the successor entity for Toys-Delaware, surrendered the last vehicle. Despite Wayne Services' request, Donlen Trust has refused to provide an accounting and refused to remit the Proceeds.

Claims for Relief. Count One of the Complaint alleges that Donlen Trust is in possession and control of the Proceeds that are due to Toys-Delaware under the Lease, that Toys-Delaware has a property interest in the Proceeds, that Wayne Services is obligated under the Plan and Confirmation Order to collect and administer the Proceeds, and that Donlen Trust has possession and control of the Proceeds. In Count One, Wayne Services seeks the turnover of the Proceeds pursuant to §§ 541 and 542 of the Bankruptcy Code.

Count Two asserts a breach of contract under § 105 of the Bankruptcy Code and Illinois law. Wayne Service claims that Donlen Trust's failure to provide an accounting or tender the Proceeds due under the Lease is a breach of the Lease that entitles Wayne Services to a judgment of no less than $200,000.

Count Three of the Complaint asserts that Donlen Trust has been unjustly enriched by retaining the Proceeds due Wayne Services, and Count Four alleges conversion of the Proceeds by Donlen Trust. Wayne Services seeks a judgment against Donlen Trust in the amount of no less than $200,000 "to be proved at trial" and directing Donlen Trust to turn over and pay such sums to Wayne Services. Wayne Services also asks for entry of judgment against Donlen Trust awarding Wayne Services the costs, expenses, and attorneys' fees incurred in pursuing this adversary proceeding.

Donlen Trust filed the Answer on September 19, 2019, asserting as
"[a]ffirmative [d]efenses" that the Court lacks personal jurisdiction over Donlen
Trust, that the Court lacks subject matter jurisdiction, that the Court is an
improper venue, that Donlen Trust is entitled to a setoff, that each cause of action
asserted fails to state a claim on which relief can be granted, that Wayne Services is
barred from recovery under the doctrine of laches and the applicable statute of
limitations, that Wayne Services lacks standing to bring the action, and that the
claims are barred by the doctrines of estoppel, waiver, unjust enrichment and
unclean hands. Donlen Trust also contends that the claims are barred due to pre-
and post-petition defaults by the lessee, including a breach resulting from Toys-
Delaware's rejection of the Lease. The Motion, seeking dismissal of the Complaint,
includes as its grounds certain of the affirmative defenses set forth in the Answer –
that the Court does not have personal jurisdiction over Donlen Trust, that Count
One should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure for failure to state a claim upon which relief can be granted, and that
Counts Two, Three and Four of the Complaint should be dismissed pursuant to
Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that the Court
lacks subject matter jurisdiction.

## Analysis

### *The Court has personal jurisdiction over Donlen Trust*

In the Complaint, Wayne Services alleges that Donlen Trust filed the Donlen
Claim asserting a general unsecured claim in the amount of $14,330.26 against

Toys-Delaware. In its Answer, Donlen Trust admits that it filed the Donlen Claim.[8]

Donlen Trust also affirmatively asserts pre-petition defaults and setoff rights

against Wayne Services.

By filing the Donlen Claim, Donlen Trust consented to personal jurisdiction

in this Court. *Siegel v. Cal. Self-Insurers' Sec. Fund* (*In re Circuit City Stores, Inc.*),

Adv. Pro. No. 15-03477-KRH, 2016 WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26,

2016) ("The general rule is that 'by filing a claim against a bankruptcy estate the

creditor triggers the process of allowance and disallowance of claims, thereby

subjecting himself to the bankruptcy court's equitable power.' *Langenkamp v. Culp*,

498 U.S. 42, 44 (1990)."); s*ee also In re LandAmerica Fin. Grp., Inc.*, 08-35994-KRH,

2013 WL 1819984, at *7, n.4 (Bankr. E.D. Va. Apr. 30, 2013) (defendant consented

to personal jurisdiction by filing a proof of claim). In *Circuit City*, this Court stated

that a creditor filing a proof of claim in a bankruptcy case has "availed itself of the

laws and protections of this Court in order to receive payment from the . . .

bankruptcy estate through the bankruptcy proceeding." 2016 WL 1714515, at *7. A

creditor who elects to participate in the estate "cannot have it both ways—asserting

it can receive payment through this Court while conversely claiming that any

---

[8] In its reply brief in support of the motion, Dkt. 22, Donlen Trust equivocates, maintaining
that the Donlen Clam is a combined proof of claim submitted on behalf of Donlen Trust *and*
Donlen Corporation where only Donlen Corporation is claiming sums due (pp. 3-4). For
purposes of determining whether the Court may exercise personal jurisdiction over Donlen
Trust, such parsing of the proof of claim is unnecessary, because it is undisputed that
Donlen Trust filed a proof of claim, thereby voluntarily submitting itself to the Court's
jurisdiction.

payment or claim asserted by the Trustee must be resolved by the state administrative process. This position is simply untenable." *Id.*

The fact that the Donlen Claim and the relief sought in the Complaint arise from the same course of dealing between the parties also supports personal and subject matter jurisdiction. The Complaint is based upon the Lease, which also serves as a basis for the Donlen Claim. The Complaint and the Donlen Claim concern the same subject matter, the parties' respective rights under the Lease.

The bankruptcy court for the Southern District of New York, in *Buena Vista Television v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.),* 307 B.R. 404 (Bankr. S.D.N.Y. 2004), held that a creditor consents to personal jurisdiction in the bankruptcy court by filing a proof of claim and also included an extensive discussion of the rationale for continued bankruptcy court jurisdiction when disputes that may be less directly involved in the claims objection process arise. Although *Adelphia* dealt with a determination of whether claims asserted in an adversary proceeding were "core" in the context of a motion to withdraw the reference, Judge Gerber focused on the commonality of issues between the proofs of claim and the adversary proceeding, finding that because the claims allowance process is undeniably "core" pursuant to 28 U.S.C. § 157(b)(2)(B), and because the proceedings enumerated in § 157(b)(2) are explicitly not exclusive, post-petition claims arising out of the same transaction are also "core."

> The Copyright Owners did not seriously argue, as they could not, that the submission to bankruptcy court jurisdiction that results from filing of a proof of claim is limited to the adjudication of the claim itself. *Katchen, Langenkamp* and their progeny uphold the imposition of

> bankruptcy jurisdiction even when the estate "goes on offense," as
> plaintiff, following the filing of a proof of claim, and consistently speak
> of submission to the jurisdiction of the *bankruptcy court,* or its equitable
> jurisdiction, to determine  claims against estate, as a consequence of the
> filing of a proof of claim.  They do not distinguish between matters in
> which the estate is a plaintiff seeking to recover additional assets (such
> as by recovery of preferences) and matters when the estate is defending
> a claim to share in the estate's own assets.  The latter, which is what
> this Court has here, presents an even easier case.  As the Supreme Court
> noted in *Katchen,* after the filing of a proof of claim: "This power to allow
> or to disallow claims includes 'full power to inquire into the validity of
> any alleged debt or obligation of the bankrupt upon which a demand or
> a claim against the estate is based.'"

307 B.R. 404, 419–20 (quoting *Katchen v. Landy*, 382 U.S. 323, 329 (1966)).

Donlen Trust maintains the filing of the Donlen Claim conferred personal
jurisdiction on this Court only to the extent necessary to determine whether the
claim should be allowed and, because the deadline for objecting to claims expired
without an objection, the claim is deemed allowed and is no longer at issue.
According to Donlen Trust, the claim resolution process, including any
counterclaims to the Donlen Claim, is complete.

The status of the Donlen Claim is unclear from the record. In fact, the
pleadings, including the assertion of setoff rights by Donlen Trust, suggest that the
Donlen Claim will be considered in connection with this adversary proceeding.

It is also evident from the pleadings that significant questions involving
bankruptcy law are implicated, including lease rejection issues under § 365 of the
Bankruptcy Code, whether the Lease is subject to § 365, potential setoff rights, and
the consequences of Wayne Services' action, or inaction, with respect to the Donlen

Claim and the Lease. Moreover, even if the Donlen Claim is no longer subject to objection, personal jurisdiction remains.[9]

The principal issue in *Adelphia,* withdrawal of the reference, is not currently under consideration. However, the commonality of issues identified by the court in *Adelphia* is present in this case, and the personal jurisdiction over Donlen Trust conferred upon this Court by the filing of the Donlen Claim should, and does, remain with this Court. Finding that Donlen Trust consented to this Court's equitable jurisdiction to adjudicate this adversary proceeding when it filed the Donlen Claim, the Court need not address whether Donlen Trust has sufficient contacts with Virginia, or as Wayne Services contends, the United States, to establish personal jurisdiction or whether diversity jurisdiction exists.

<u>Count One of the Complaint states a claim upon which relief can be granted</u>

A court ruling on a defendant's motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.* 637 F.3d 435,

---

[9] The Court in *Circuit City* addressed the creditor's attempt to divest the Court of jurisdiction by withdrawing its proof of claim, finding it of "no moment." *Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City Stores, Inc.),* Adv. Pro. No. 15-03477-KRH, 2016 WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26, 2016). "[A] creditor cannot seemingly un-pull the trigger of this Court's equitable power by withdrawing its proof of claim." *Circuit City,* 2016 WL 1714515 at *7. The disposition of the Donlen Claim is unclear from the record, as is its effect on Wayne Services' claim to the Proceeds. Nevertheless, similar to the creditor's withdrawal of the proof of claim in *Circuit City*, the deemed allowance of the Donlen Claim, if true, is of "no moment." *Id.*

440 (4th Cir. 2011). However, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286

(1986).

In the Complaint, Wayne Services states that Toys-Delaware has a legal and

equitable interest in the Toy-Delaware Proceeds. Dkt. 1, ¶30. Donlen Trust argues

that this allegation amounts to a legal conclusion rather than a factual allegation

because the Plaintiff's entitlement to payment has not been established, i.e.,

any right to payment would be contingent upon Toys-Delaware not being in default

under the Lease. Donlen Trust argues that Toys-Delaware was, in fact, in default.

Section 542(b) of the Bankruptcy Code provides that "an entity that owes a

debt that is property of the estate and that is matured, payable on demand, or

payable on order, shall pay such debt to, or on the order of, the trustee, except to the

extent that such debt may be offset under section 553 of this title against a claim

against the debtor." Wayne Services alleges that the Proceeds are property of the

estate pursuant to §541 of the Bankruptcy Code. Wayne Services also contends that

its claim has "matured" as required by § 542(b), that it has so alleged in the

Complaint, and that this is sufficient to state a claim.

In support of its position, Wayne Services cites Judge Huennekens' opinion in

*Shaia v. Taylor* (*In re Connelly)*, 476 B.R. 223 (Bankr. E.D. Va. 2012). In that case,

the chapter 7 trustee sought to recover on a bearer note.[10] The complaint was filed

---

[10] In *Shaia v. Taylor* (*In re Connelly)*, 476 B.R. 223 (Bankr. E.D. Va. 2012), the primary
issue was whether the Court had constitutional authority to issue a final order.

under § 542 of the Bankruptcy Code. The defendants filed an answer denying their

indebtedness and asserting affirmative defenses challenging the validity and

enforceability of the note and asserting that the trustee's claim was not a core

proceeding.

In addressing whether the adversary proceeding constituted a core

proceeding under 28 U.S.C. § 157(b)(2)(E), Judge Huennekens first observed that

under § 542(b), the debt underlying the turnover action must be "matured, payable

on demand, or payable on order," 11 U.S.C. § 542(b). He held that "matured" means

"presently payable, as opposed to those [debts] that are contingent and become

payable only upon the occurrence of a certain act or event." *Connelly*, 476 B.R. at

230 (quoting *Smith v. McLeskey (In re Bay Vista of Va., Inc.*), 394 B.R. 820, 837

(Bankr. E.D. Va. 2008)). The trustee alleged that the note represented a mature

obligation owed to the bankruptcy estate. The fact that the defendants asserted that

they were not liable on the instrument was "simply not relevant" in Judge

Huennekens' view, so long as the complaint alleged the existence of a mature debt.

394 B.R. at 837. "A cause of action is a turnover proceeding under § 542(b) . . .

where it seeks the collection rather than creation or liquidation of a matured debt."

*Id.* Thus, he found the trustee's action qualified as a turnover action under § 542(b)

and a core proceeding under § 157(b)(2)(E).

Courts have recognized the impropriety of a turnover action when there is a

legitimate debate over the bankruptcy estate's entitlement to the property in

question:

Of course, the turnover power can be improperly invoked, especially when it is used as a Trojan Horse for bringing garden variety contract claims; when the property in question is not already property of the estate; or when the turnover statute is used to recover assets with disputed title when the estate's claim of ownership is legitimately debatable. It is well established that the turnover power may not be used for such purposes. *See, e.g., Fairfield Sentry,* 458 B.R. at 683 ("Numerous courts have therefore held that an action is non-core when property which is the subject of a significant dispute between the parties is sought to be recovered through a turnover action.... These actions are subject to significant dispute, resolution of which will determine whether the funds redeemed *are in fact property of the Funds' estates.*") (citations and internal quotations omitted; emphasis added); *Savage v. Mandl (In re Teligent),* 325 B.R. 134, 137–38 (Bankr. S.D.N.Y. 2005) (Bernstein, C.J.) ("*Teligent* ") (citing "settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute"; other law holding that an action to determine the amount of a claimed debt to the estate that is, as yet, wholly disputed and unliquidated cannot properly be styled an action to turn over estate "property"; and other law holding that an action should be regarded as a turnover "only when there is no legitimate dispute over what is owed to the debtor") (citations omitted); *Shea & Gould v. Red Apple Companies, Inc. (In re Shea & Gould),* 198 B.R. 861, 867 (Bankr. S.D.N.Y. 1996) (Garrity, J.) (issuing report and recommendation, instead of final judgment, in debtor's action to recover fees for legal services rendered to the debtor, where court was doubtful that claim was sufficiently "specific in its terms as to amount due and date payable," and observing that "[a] turnover action may be inappropriate where the debtor's claim lacks such certainty").

*Geron v. Peebler (In re Pali Holdings, Inc.),* 488 B.R. 841, 851 n.39 (Bankr. S.D.N.Y. 2013). Donlen Trust contends that this is just such a case, one involving a contract dispute in which there is a significant dispute over what, if anything, is owed. Donlen Trust claims that Count One is Wayne Services' attempt to improperly establish bankruptcy court jurisdiction by fabricating a turnover action when there is no basis for such a characterization.

There is a flip side to Donlen Trust's argument in that a defendant may dispute that a debt has matured in order to avoid litigating the matter in bankruptcy court. At this stage of the proceedings, when the Court must view the Complaint in the context of a motion to dismiss under Rule 12(b)(6), the allegations that the Proceeds are property of the estate,[11] that the debt has matured and the Toys-Delaware Proceeds are due in a set amount (even if the amount has been computed but not disclosed by the defendant) is sufficient to plead an action under § 542(b)(2). *See also Nat'l Enters., Inc. v. Koger P'ship, Ltd. (In re Nat'l Enters., Inc.)*, 128 B.R. 956, 959 (E.D. Va. 1991) ("For an action to be a turnover proceeding, it is not relevant that the defendant disputes the existence of the debt by, perhaps, denying the complaint's allegations, as long as those allegations state the existence of a mature debt."). Accordingly, Count One will not be dismissed for failure to state a claim for relief.

### *The Bankruptcy Court retained jurisdiction following Plan confirmation and Wayne Trust has standing to bring the Complaint*

A turnover action may be brought after plan confirmation if the confirmation order preserves the debtor's, or its successor's, right to bring turnover actions. *See In re Crescent Res., LLC*, 455 B.R. 115 (Bankr. W.D. Tex. 2011); *Petrowax P.A., Inc. v. C & C Petroleum & Chem. Grp. (In re Petrowax P.A., Inc.)*, 200 B.R. 538 (Bankr.

---

[11] The commencement of a bankruptcy case creates an estate comprised of all legal and equitable interests of the debtor. 11 U.S.C. § 541(a); *see In re Circuit City Stores, Inc., 2*016 WL 1714515, at *4. "What constitutes property of a bankruptcy estate is ultimately a question of federal bankruptcy law." *Id.* The Complaint alleges the existence of Proceeds owed Wayne Trust under the Lease; "the *right* to recover such proceeds is property of the estate." *Id.* at *8.

D. Del. 1996). Article IV, § L of the Plan preserves "any and all Causes of Action."

Article I, § A ¶ 35, defines "Causes of Action" as including "avoidance actions;" ¶ 29

defines "Avoidance Actions" to include any and all causes of action "arising under

Chapter 5 of the Bankruptcy Code . . . ." Chapter 5 includes § 542.[12] The

Confirmation Order states that the Court retains jurisdiction over all matters

arising out of and related to the chapter 11 cases of Toys-Delaware, and the Plan

preserves the right of Toys-Delaware's successor, Wayne Services, to bring the

turnover claim.

Donlen Trust cites *Ice Cream Liquidation, Inc. v. Calip Dairies, Inc. (In re Ice

Cream Liquidations, Inc.)*, 319 B.R. 324 (Bankr. D. Conn. 2005), as support for its

contention that the failure of the Plan to make a specific reference to "turnover" or

"§ 542," or a claim against Donlen Trust, renders it insufficient to effectively

preserve and transfer this § 542 action to Wayne Services. The court in *Ice Cream*

held that the successor entity lacked standing to bring a § 542 action because the

plan in that case failed to include language identifying § 542, turnover actions,

accounts receivable claims, and setoff invalidations as having been assigned to it.

*Id.* at 333. However, unlike the present case, the plan in *Ice Cream* made no

reference to the retention of any chapter 5 claims. In *Ice Cream*, the court found

---

[12] Chapter 5 of the Bankruptcy Code, 11 U.S.C. §§ 501-562, is entitled "Creditors, the
Debtor, and the Estate" and contains provisions that give a bankruptcy trustee the ability
to avoid certain prepetition transfers made by a debtor. The trustee's avoidance powers
"prevent[] the depletion of the estate, promote[] an equitable distribution of the debtor's
assets, and protect[] creditors who advanced credit in ignorance of fraud." *Dzikowski v. N.
Trust Bank of Fla., N.A. (In re Prudential of Fla. Leasing Inc.)*, 478 F.3d 1291, 1299 (11th
Cir. 2007).

that there was no language in the confirmed plan that would have given the debtor

the ability to pursue chapter 5 causes of action.[13]

Contrary to Donlen Trust's assertion, *Ice Cream's* ruling supports a finding

that the preservation of claims language in the Plan is sufficient to entitle Wayne

Service to bring the Complaint. The court in *Ice Cream,* citing the analysis in

*Petrowax,* 200 B.R. 538, acknowledged that turnover actions may be retained when

the confirmed chapter 11 plan contains language that satisfies the requirements of

Bankruptcy Code § 1123(b)(3)(B). 319 B.R. at 333. That section states that "a plan

may … provide for … the retention and enforcement by the debtor . . . of any . . .

claim or interest [belonging to the debtor or to the estate]." While the plan in *Ice*

*Cream* was found to lack the requisite specificity, the same cannot be said of the

Plan here, which specifically preserves causes of action under chapter 5 of the

Bankruptcy Code. There is no question that § 542 is a cause of action under chapter

5 of the Bankruptcy Code.

Donlen Trust argues that the court's conclusion in *Ice Cream* that the plan at

issue lacked sufficient specificity is more in keeping with the "growing trend" in

favor of "realistic and meaningful disclosure as to the rights being reserved and

transferred." Dkt. 37, p. 9-10. The Court finds no support for Donlen Trust's

contention that *Ice Cream* represents a jurisprudential shift toward requiring

---

[13] The plan instead authorized the debtor to "compromise or settle" any chapter 5 litigation. The court found that to be insufficient to conclude that the plan had provided for the retention of the chapter 5 claims. *Ice Cream Liquidation, Inc. v. Calip Dairies, Inc. (In re Ice Cream Liquidations, Inc.)*, 319 B.R. 324, 333 n.14 (Bankr. D. Conn. 2005).

chapter 11 plans to itemize particular causes of action in order to preserve them. *Ice Cream* does not so hold, nor does it support Donlen Trust's contention that the retention language in the Plan is inadequate to comply with § 1123(b)(3)(B). The Court finds that the Plan satisfies the requirements of § 1123(b)(3)(B) as to both the adequacy of the language retaining the § 542(b) cause of action against Donlen Trust and the standing of Wayne Services to enforce the claim as the representative of the estate.[14]

Regardless, in this instance, *Crescent* is more on point than *Ice Cream*. As in the present case, the plan in *Crescent* included language transferring causes of action under Chapter 5 of the Bankruptcy Code. The court found that the reference to Chapter 5 was sufficiently "specific and unequivocal" to preserve a turnover action despite the omission of a specific reference to § 542. 455 B.R at 130. In doing so, the court adopted the test established in *Spicer v. Laguna Madre Oil & Gas II, LLC (Tex. Wyo. Drilling)*, 422 B.R. 612, 627-628 (Bankr. N.D. Tex. 2010), of whether the plan language is sufficient to put creditors on notice that the debtor intends to pursue the claim after confirmation. The court concluded that it would be "far-fetched to believe that a creditor would not be on notice that the Trust anticipated pursuing turnover claims after confirmation." 455 B.R. at 129-30. Likewise, it would be far-fetched to believe that Donlen Trust was not on notice that the Plan

---

[14] For the same reason, the Court rejects Donlen Trust's contention that Count One of the Complaint fails because the estate ceased to exist upon confirmation, or the effective date, of the Plan. Even if the Toys-Delaware estate ceased to exist, Wayne Services and its entitlement to administer assets survived.

contemplated that turnover actions were going to be pursued post confirmation. The Complaint alleges that the parties continued to perform pursuant to the Lease after the bankruptcy filing and that Donlen Trust would provide a global reconciliation after the final vehicle was surrendered. Dkt. 1, ¶¶ 22-24. Assuming these allegations to be true, it would be even more improbable to think that Donlen Trust interpreted the retention language in the Plan to mean that Toys-Delaware was relinquishing its claim for turnover of the Proceeds.[15] Thus, the language in the Plan was sufficient to put Donlen Trust on notice that the Toys-Delaware intended to pursue its turnover claim after confirmation.

### *Donlen Trust is not entitled to judgment on the pleadings as to Count One*

Rule 12(c) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(c), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7012(b), states that after the pleadings are closed, a party may move for judgment on the pleadings. Donlen Trust, without conceding that the Court lacks jurisdiction over Count One, alternatively seeks a judgment on the pleadings as to Count One in the event the Court declines to entertain its motion to dismiss Count One for failure to state a claim upon which relief may be granted.

The Court, having considered the arguments before it, has determined that it will deny Donlen Trust's Rule 12(b)(6) motion. For similar reasons, Donlen Trust's

---

[15] The Plan also provides that no entity "may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against them as any indication that [Wayne Services] will not pursue any and all available Causes of Action against them." Art. IV § L.

Rule 12(c) motion will also be denied.[16] The record does not support the entry of

judgment on the pleadings in favor of Donlen Trust.

### The Court has subject matter jurisdiction over Counts Two, Three and Four of the Complaint

The Court has determined that Count One of the Complaint states a cause of

action under § 542(b) and is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(E).[17] Counts Two, Three and Four involve claims under state law that

are related to Count One. The Answer raises defenses that are inextricably tied to

the Toys-Delaware bankruptcy, including setoff rights and alleged defaults

stemming from pre- and post-bankruptcy acts of Toys-Delaware. Inasmuch as the

list of core proceedings is not limited to those enumerated in § 157(b)(2), and all of

the counts contained in the Complaint arise out of the same transaction as the core

proceeding under Count One, there is a commonality of issues that renders Counts

Two, Three and Four "core." *See* text accompanying discussion of *In re Adelphia

Communications Corp, supra* p. 9. *See also Enron Corp. v. Citigroup, Inc. (In re

Enron Corp.),* 349 B.R. 108, 112 (Bankr. S.D.N.Y. 2006) ("courts have concluded

that where a creditor has filed a proof of claim and initiated a proceeding that

affects the allowance or disallowance of a claim, adversary proceedings commenced

by the debtor and which are tantamount to a counterclaim are also properly

---

[16] "A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a 12(b)(6) motion." *King v. Deutsche Bank Nat'l Trust Co.*, No. 3:10cv41, 2010 WL 3745599, at *1 (E.D. Va. Sept. 21, 2010).

[17] Allowance or disallowance of the Donlen Claim, as it relates to Donlen Trust's assertion of setoff rights or otherwise, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

considered core."); *In re Connelly,* 476 B.R. at 234 (By filing a proof of claim, the creditor "consent[s] to the resolution of these claims by this Court, including any state law issues that must be resolved in the process of adjudicating [its] claim.").

Again, this Court's opinion in *Circuit City* provides guidance. There, the Court found that it had subject matter jurisdiction over the complaint's state law claims because they were related to[18] the bankruptcy case. 2016 WL 1714515, at *4. The state law claims were not only causes of action that constituted property of the estate but would "directly affect the distributions under the Liquidating Plan, and ha[d] a 'close nexus' to th[e] bankruptcy case." *Id.*[19] The same holds true in this case. Accordingly, the Court has subject matter jurisdiction over Counts Two, Three and Four of the Complaint. 28 U.S.C. § 157(b)(2)(C) and (O).

## Conclusion

The Court has personal jurisdiction over Donlen Trust as a result of the proof of claim it filed in this proceeding. Count One of the Complaint states a cause of action under 11 U.S.C. § 542(b) and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). Counts Two, Three and Four of the Complaint bear a close nexus and are inextricably tied to Count One as all counts involve the Lease; therefore, the Court has subject matter jurisdiction over all counts of the Complaint. For these reasons, the Motion is denied.

---

[18] *See* 28 U.S.C. § 1334(b).

[19] Additionally, Donlen Trust, "consented to the core jurisdiction of this Court by filing its proof of claim and otherwise participating in the Debtors' bankruptcy case," as did the creditor in *Circuit City.* 2016 WL 1714515, at *4.

A separate order will issue.

Dated:   <u>January 28, 2020</u>                <u>/s/ Keith L. Phillips</u>
                                        United States Bankruptcy Judge


Copies:                                  Entered on Docket: Jan 28 2020

John Ronald Smith
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Jennifer Ellen Wuebker
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David S Catuogno
K&L Gates LLP
One Newark Center
10th Floor
Newark, NJ 07102

Amy J. Eldridge
K&L Gates LLP
1601 K Street NW
Washington, DC 20009